The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Fuleihan. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties of their representatives, or amend the Opinion and Award.
This case was heard before Deputy Commissioner Fuleihan in Raleigh on 24 September 1993. Thereafter, following receipt of the deposition of Dr. S. Robert Bylciw, and the parties' Statements of Contentions, the record was closed.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as STIPULATIONS
1. At all times relevant hereto, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such times, the employee-employer relationship existed between the plaintiff and defendant employer.
3. At such times, defendant employer was self-insured.
4. At such times, the plaintiff's average weekly wage was $256.39.
* * * * * * * * * *
Based upon the competent, credible evidence adduced from the record and the reasonable inferences therefrom, the undersigned makes the following additional
FINDINGS OF FACT
1. On 7 June 1989, plaintiff, while in the normal course of her duties for defendant employer, started down a flight of stairs when she slipped, resulting in an injury to her left ankle.
2. Defendant accepted liability for the 7 June 1989 incident and paid $226.00 in medical bills, the last payment of which occurred on 9 August 1989, but paid no temporary total disability compensation.
3. Defendant filed a Form 28B with the Industrial Commission 23 October 1989.
4. On 13 November 1989, plaintiff's left ankle gave out while she was descending steps at her home causing her to fall into her car, at which time she injured her left ankle. The following day, plaintiff informed defendant of the 13 November 1989 incident. Defendant denied liability for the 13 November 1989 incident.
5. Plaintiff filed an Industrial Commission Form 33, Request That Claim Be Assigned For Hearing, on 22 September 1992 claiming temporary total disability compensation and permanent partial disability for injury to her left ankle on 7 June 1989.
6. Plaintiff failed to file a claim within two years of 7 June 1989.
7. The credible evidence of record fails to establish that defendant induced plaintiff into any delay in filing a claim with the Industrial Commission for her injury within two years of 7 June 1989.
* * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. Proper filing of a claim within two years after the accident is a condition precedent to jurisdiction by the North Carolina Industrial Commission. G.S. § 97-24(a).
2. Since plaintiff did not file a claim with the North Carolina Industrial Commission within the two-year period prescribed by G.S. § 97-24, plaintiff is barred from the right to receive compensation under the North Carolina Workers' Compensation Act. G.S. § 97-24 (a).
3. Defendant is not estopped to rely upon G.S. § 97-24 in bar of plaintiff's claim. G.S. § 97-24.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
ORDER
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby, DISMISSED for lack of jurisdiction.
2. Each side shall pay its own costs, except that defendant shall pay an expert witness fee in the amount of $200.00 to Dr. S. Robert Bylciw.
 S/ _____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________ JOHN A. HEDRICK DEPUTY COMMISSIONER